In re William F. BURBANK.

Supreme Court of Kentucky.

July 2, 1987.

William F. Burbank, Louisville, pro se.

Robert G. Breetz, Stites & Harbison, Louisville, for appellant.

D. Larkin Chenault, Kentucky Bar Association, Frankfort, for appellee.

## OPINION AND ORDER

STEPHENS, Chief Justice.

This matter is before the Court on its own motion pursuant to SCR 3.669.

In August 1985, Mr. William F. Burbank received notice from the Kentucky Bar Association (KBA) that he had not completed the continuing legal education (CLE) requirement of SCR 3.665 for the 1984–1985 CLE year. In September 1985, Mr. Burbank requested an extension of time in which to comply with the CLE requirement. Mr. Burbank had relied on the language of SCR 3.669(1) as authority to complete the education requirement without penalty prior to September 10. Mr. Burbank was granted an extension in 1985, but was advised by the KBA that his interpretation was in error. The deadline for compliance with the CLE requirement was June 30, not September 10. SCR 3.668.

In July 1986, Mr. Burbank again was notified by the Kentucky Bar Association that he had not completed the education requirement for the 1985–1986 CLE year. He again applied for an extension of time. He claimed to have again relied on SCR 3.669(1) and to have "forgotten" the earlier admonition. His request for extension was denied by the Board of Governors of the KBA.

After certification of delinquency was filed by the Kentucky Bar Association, Mr. Burbank was ordered to appear before this Court to show cause why he should not be suspended from the practice of law. SCR 3.668; 3.669. Mr. Burbank appeared to explain that he had relied in good faith on SCR 3.669(1).

The rule in pertinent part reads:

"As soon as practicable after August 30th of each year, the Commission, through the Director, shall notify a member in writing of his delinquency. *If such a member remains delinquent on the tenth day of the following September* the Director shall, forthwith, in writing, certify his name to the court." SCR 3.669(1) (emphasis added).

Mr. Burbank suggests the rule can be interpreted to say an attorney does not remain delinquent if the delinquency is cured prior to September 10. He argues this language implies an extension of time to complete the CLE requirement and that the meaning of the rule is ambiguous.

Arguably, the rule in its present form is ambiguous. We note that the Kentucky Bar Association has submitted a modification of the rule for our approval. However, when SCR 3.669 is read with SCR 3.665 through 3.668, the meaning is made

clear. We hold the present language of SCR 3.669(1), specifically the words "remains delinquent", refers to a failure to complete the CLE requirement by June 30 which has not been excused or satisfactorily explained by the following September 10. The interval between June 30 and September 10 does not imply an automatic extension but is merely a time during which attorneys may seek to explain an apparent delinquency or to apply for an extension of time. The interval is for administrative purposes *only* and does not extend the deadline for completion of CLE beyond June 30.

In 1985, Mr. Burbank was specifically advised by the KBA that the deadline for compliance with SCR 3.665 was June 30 and not September 10. We are not persuaded that his actions in 1986 constitute good faith reliance. Nevertheless, due to the arguably ambiguous language of SCR 3.669, we impose no penalty at this time.

Accordingly, the show cause order addressed to William F. Burbank is dismissed.

GANT, LAMBERT, LEIBSON, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents in a separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the result of the majority opinion. In 1985, the lawyer was specifically advised that the deadline for compliance with the rule was June 30, and not September 10. His failure to comply arose again in 1986. I agree with the majority that his actions did not constitute good faith compliance. If the rule was ambiguous in 1985, certainly it was properly explained by 1986. Almost 9,000 lawyers in this state comprehend and obey the rule in question. The fact that one lawyer claims he does not understand is not the fault of "arguably ambiguous language." I would impose an appropriate penalty.